HYDE ET AL. *vs.* MISSISSIPPI MARINE AND FIRE INS. CO.

APPEAL FROM THE PARISH COURT, FOR THE PARISH AND CITY OF NEW-ORLEANS.

Where a steamboat is insured for a month, and sustains an injury under this policy, in a distant place, for which the underwiters are liable; and a second policy is taken out at the end of the month for another, making insurance against all risks, *on condition that the damage sustained under the first policy be repaired*, &c., and while repairing she sunk : *Held*, that the underwriters are liable, and that this was not a condition precedent, postponing the risk until the repairs were completed.

This is an action on two policies of insurance, to recover the sum of four thousand dollars, the amount insured on the steamboat Tom Bowling, at the office of the defendants.

EASTERN DIST.
*February*, 1837.

HYDE ET AL.
*vs*
MISS. MARINE
AND FIRE INS. CO.

The plaintiffs allege, that while the boat was running under a monthly policy, abount the 12th of June, 1835, she struck a rock in the Arkansas river, and put into Little Rock to repair, and of which the defendants had due notice before signing the second policy ; that on the 25th of June, they took out a second policy for another month, and while the boat was repairing, on the 29th of June, the water rose suddenly and she sunk, and became a total loss, of which the company were duly notified, and an abandonment tendered.

The defendants pleaded a general denial.

The evidence showed, that on the 25th of May, 1835, the plaintiffs insured the sum of four thousand dollars on the steamboat Tom Bowling, for one month, at five per cent., to run on the Mississippi and her tributary streams.

That about the 12th of June, the boat struck on some rocks in the Arkansas river, at a place called Webber's Falls, and put back to Little Rock to repair. This fact was notified to the defendants.

On the 25th of June, 1835, the first month expiring, the plaintiffs took out a policy for another month, covering the same risks, and at the same premium, in which was inserted : "On condition, the damage done by grounding on Webber's Falls, be repaired, and she be put in as good order, as she was previous to that accident."

The testimony showed further, that the boat was at Little Rock, in Arkansas, undergoing repairs, when on the 29th of June, a sudden and great rise came in the river, accompanied by a storm, and she sunk. She was abandoned to the underwriters as a total loss.

The plaintiffs had judgment, from which the defendants appealed.

*Strawbridge*, for the plaintiff, cited the following articles of the Code, in relation to the interpretation of contracts in support of the case. *Louisiana Code, articles* 1992, 2449.

*Lockett, contra*, contended, that the insurance was made on a *condition precedent*, which was first to be performed before any liability could be incurred under the policy.

*Martin, J.,* delivered the opinion of the court.

EASTERN DIST.
*February,* 1837.

HYDE ET AL.
*vs.*
MISS. MARINE
AND FIRE INS CO.

The petitioners allege, that their steamboat Tom Bowling, was insured in the defendants' office, by two monthly policies. That on their application for the second policy, the boat had sustained considerable damages, for which they had a claim on the defendants, and that, afterwards, while she was at the risk of the defendants, under the second policy, she was entirely lost and destroyed, during, and in consequence of a storm; wherefore, they claim a compensation as for a total loss.

The defendants pleaded the general issue.

There was judgment for the plaintiff, for four thousand dollars, and the defendants appealed.

The facts alleged in the petition, appear to be establshed.

There cannot be any doubt, that the defendants are liable for a partial loss, under the first policy. The doubt whether they be so for a partial or total loss on the second, arises on a clause in that instrument, in which it is stated, that the insurance is made on condition that the damage which the boat sustained, while she was at the risk of the defendants under the first policy, should be repaired, and the boat put in as good a condition as she was previous to the accident, which occasioned the damage sustained under the first policy; in other words, whether this was a condition precedent, postponing the risk until it was accomplished. We are of opinion it was not

The risk under the second policy began on the 25th June, at twelve o'clock at noon. The accident under the first policy happened on the 12th of the same month. As the second policy was against all risks, happening between the 25th of June, and the 25th of July, it is clear that it was not the intention of the parties that the obligation which the insured incurred, to send to Little Rock, on the Arkansas river, where the boat lay, and have the repairs completed, should suspend the risk within the time necessary to effect this, which probably must have consumed the better part of the time for which the insurance was made. It cannot be believed, that the insured would have paid a premium for

*Where a steamboat is insured for a month, and sustains an injury under this policy, in a distant place, for which the underwriters are liable, and a second policy is taken out at the end of this month for another, making insurance against all risks, on condition that the damage sustained under the first policy be repaired, &c., and while repairing she sunk: Held, that the underwriters are liable, and that this was not a condition precedent, postponing the risk until the repairs were completed.*

Eastern Dist.
*February*, 1837.

thirty days, in order to have the boat insured, during a period of less than fifteen days. If the risk had been intended to be postponed, until the condition was performed, no premium could have been taken for the time necessary to do so.

The condition imposed on the insured the obligation of repairing the boat, before she was exposed to the perils of navigation. In the meanwhile, any risk resulting *aliunde*, as from fire, were covered by the policy. As but four days expired, between that on which the obligation to repair was incurred, and the storm, during which she sunk, it is clear that no laches can be imputed to the insured.

It is, therefore, ordered, adjudged and decreed that the judgment of the Parish Court be affirmed with costs.